IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REGIONSAIR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-594C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits that the Federal Aviation Administration ("FAA") is a regulatory agency of the defendant and that the FAA entered into a "consent agreement" with plaintiff in an effort to obtain plaintiff's compliance with regulatory requirements. Plaintiff's allegations concerning the nature of its claims, the facts and theories underlying its claims, the existence of a written contract, the terms of the purported contract, defendant's failure to act in good faith, the duress under which plaintiff entered the contract, the consent agreement constituting a pretense to terminate plaintiff's air carrier operations, plaintiff's compliance with the consent agreement, defendant's breach of contract, and defendant's taking of plaintiff's property without just compensation are conclusions of law to which no response is required. The remaining allegations of fact in paragraph 1 are denied.

2. Paragraph 2 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that the allegations in paragraph 2 may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Defendant specifically denies that it entered a contract with plaintiff or that plaintiff complied with the terms of the consent agreement.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits that plaintiff held Air Carrier certificate number 03XA3IIJ. Denies the remaining allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Admits that the United States was the defendant named by plaintiff in this action and that the FAA is an agency of defendant. Denies the remaining allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11.

12. Admits that plaintiff was issued an air carrier certificate approximately 11 years ago. Denies the remaining allegations contained in paragraph 12.

13. Admits that the FAA has previously approved and accepted certain documents

required from plaintiff, and revisions to those documents, over the course of the last 11 years. Defendant further admits that plaintiff conducted air carrier operations during its 11 years of operation. The remaining allegations contained in paragraph 13 are denied.

14. The allegations contained in paragraph 14 of the complaint are denied.

15. Admits that, on March 2, 2007, inspectors of the FAA discovered that training records indicated that some of plaintiff's line check airmen had not received required training with the result that plaintiff had several unqualified line pilots. As a result, the FAA informed plaintiff that continued operations by these unqualified pilots was a potential violation of applicable FAA regulations (14 CFR Part 121), and suggested to plaintiff that flight operations cease until plaintiff could produce the required records documenting that its pilots were properly trained and checked in accordance with applicable regulations. The remaining allegations contained in paragraph 15 are denied.

16. Admits that, on March 3, 2007, plaintiff produced records documenting the training of some of its line check airmen and some of its line airmen. Defendant admits further that, based upon this documentation, the FAA agreed that operations could resume for those airmen who were properly qualified in accordance with applicable regulations. The remaining allegations contained in paragraph 16 are denied.

17. Admits that the FAA continued its surveillance of plaintiff and that the FAA discovered additional violations of applicable regulations. The remaining allegations contained in paragraph 17 are denied.

18. Admits that, on March 9, 2007, the FAA withdrew its approval of plaintiff's pilot training program and that the FAA and plaintiff entered into a consent agreement that recited

numerous regulatory violations and safety concerns which constituted the bases for the FAA's request to suspend plaintiff's carriage of passengers. The remaining allegations contained in paragraph 18 are denied.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are denied.

23. The allegations contained in paragraph 23 are denied.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Defendant specifically denies that the consent agreement entered into by the parties constitutes a contract.

25. Admits that the consent agreement provided that plaintiff had 120 days to achieve regulatory compliance as set forth in the consent agreement. The remaining allegations contained in paragraph 25 are denied.

26. Admits that the consent agreement provides that "RegionsAir agrees and acknowledges that in the event it fails to demonstrate, within 120 days of the date of this Agreement, that: (a) its pilots are qualified to conduct operations under Part 121; and (b) it meets all other regulatory requirements under Part 121, the FAA will cancel its air carrier certificate." Complaint, Exhibit 1, ¶ 4. The remaining allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 are denied. Defendant specifically denies that the consent agreement entered into by the parties constitutes a contract.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are denied.

30. The allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are denied.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Admits that the consent agreement provides that "[t]he FAA will cooperate with RegionsAir during the period required for RegionsAir to demonstrate its compliance with paragraph 3 [of the consent agreement] and will assign sufficient resources (inspectors, other support personnel) necessary to do so with the specified 120 day period." Complaint, Exhibit 1, ¶ 5. The remaining allegations in paragraph 33 are denied.

34. Admits that the FAA has entered into consent agreements with other air carriers in the past. Plaintiff fails to identify both those consent agreements it considers to be "substantially identical" to the consent agreement in this case and the criteria to be considered in making such a determination. Plaintiff also fails to identify the "one instance" that is addressed in paragraph 34. As a result of these deficiencies in the complaint, defendant denies the remaining allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

35. The allegations contained in paragraph 35 are denied.

36. The allegations in paragraph 36 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations in paragraph 37 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations in paragraph 38 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. The allegations in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations in paragraph 40 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. The allegations in paragraph 41 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Count 1**

42. The responses to paragraphs 10 through 41 are incorporated as if fully set forth.

43. The allegations in paragraph 43 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The allegations in paragraph 44 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations in paragraph 45 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations in paragraph 46 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations in paragraph 47 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. Paragraph 48 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 48 may be deemed allegations of fact, they are denied.

49. Paragraph 49 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 48 may be deemed allegations of fact, they are denied.

50. The allegations in paragraph 50 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. Paragraph 51 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 51 may be deemed allegations of fact, they are denied.

**Count 2**

52. The responses to paragraphs 10 through 41 are incorporated as if fully set forth.

53. Paragraph 53 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 53 may be deemed allegations of fact, they are denied.

54. Admits that the consent agreement provided that plaintiff had 120 days to achieve regulatory compliance as set forth in the consent agreement. The remaining allegations contained in paragraph 54 are denied.

55. Admits that the consent agreement provides that "RegionsAir agrees and acknowledges that in the event it fails to demonstrate, within 120 days of the date of this Agreement, that: (a) its pilots are qualified to conduct operations under Part 121; and (b) it meets

all other regulatory requirements under Part 121, the FAA will cancel its air carrier certificate." Complaint, Exhibit 1, ¶ 4. The remaining allegations contained in paragraph 55 are denied.

56. The allegations contained in paragraph 56 are denied.

57. The allegations contained in paragraph 57 are denied.

58. The allegations contained in paragraph 58 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. Paragraph 63 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 63 may be deemed allegations of fact, they are denied.

64. The allegations in paragraph 64 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Count 3**

65. The responses to paragraphs 10 through 41 are incorporated as if fully set forth.

66. Paragraph 66 constitutes a statement of plaintiff's request for relief to which no

response is required. To the extent that some of the allegations in paragraph 66 may be deemed allegations of fact, they are denied.

67. Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

68. Admits that the consent agreement provides that "[t]he FAA will cooperate with RegionsAir during the period required for RegionsAir to demonstrate its compliance with paragraph 3 [of the consent agreement] and will assign sufficient resources (inspectors, other support personnel) necessary to do so with the specified 120 day period." Complaint, Exhibit 1, ¶ 5. The remaining allegations in paragraph 68 are denied.

69. The allegations contained in paragraph 69 are denied.

70. The allegations contained in paragraph 70 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 are denied.

73. The allegations contained in paragraph 73 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

74. Paragraph 74 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 74 may be deemed allegations of fact, they are denied.

75. Paragraph 75 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 75 may be deemed

allegations of fact, they are denied.

76. The allegations contained in paragraph 76 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

77. Paragraph 77 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 77 may be deemed allegations of fact, they are denied.

**Count 4**

78. The responses to paragraphs 10 through 41 are incorporated as if fully set forth.

79. Paragraph 79 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 79 may be deemed allegations of fact, they are denied.

80. The allegations in paragraph 80 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

81. The allegations in paragraph 81 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. The allegations in paragraph 82 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. The allegations in paragraph 83 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

84. The allegations in paragraph 84 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

85. The allegations in paragraph 85 are conclusions of law to which no response is

required; to the extent that they may be deemed allegations of fact, they are denied.

86. The allegations in paragraph 86 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

87. The allegations contained in paragraph 87 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 are denied.

90. The allegations contained in paragraph 90 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

91. Paragraph 91 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 91 may be deemed allegations of fact, they are denied.

92. The allegations contained in paragraph 92 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

93. Paragraph 93 constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in paragraph 93 may be deemed allegations of fact, they are denied.

**Prayer For Relief**

Plaintiff's "prayer for relief" constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in the "prayer for relief" may be deemed allegations of fact, they are denied.

**Speedy Hearing**

Plaintiff's request for a "speedy hearing" pursuant to Rule 57 of this court's rules constitutes a statement of plaintiff's request for relief to which no response is required. To the extent that some of the allegations in the "prayer for relief" may be deemed allegations of fact, they are denied.

**AFFIRMATIVE DEFENSES**

1. Defendant asserts the affirmative defense of estoppel.

2. Defendant asserts the affirmative defense of failure to mitigate.

3. Defendant asserts the affirmative defense of recoupment.

4. Defendant asserts the affirmative defense of waiver.

5. Defendant asserts the affirmative defense of accord and satisfaction.

6. Plaintiff waived its right to a hearing before an administrative law judge.

7. Plaintiff abandoned its air carrier certificate by failing to return to regulatory compliance during the period in which the consent agreement was in effect.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Scott D. Austin
SCOTT D. AUSTIN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
ATTN: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0317
Facsimile: (202) 305-7643

Attorneys for Defendant

Of Counsel:

MARK A. TOMICICH
Federal Aviation Administration
Office of Chief Counsel

Electronically filed,
October 25, 2007

**CERTIFICATE OF FILING**

I hereby certify that on the 25th day of October, 2007, a copy of the foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Scott D. Austin